JOSE F. PAZOS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pazos v. Commissioner
Docket No. 17794-85.
United States Tax Court
T.C. Memo 1987-131; 1987 Tax Ct. Memo LEXIS 127; 53 T.C.M. (CCH) 337; T.C.M. (RIA) 87131; March 11, 1987. Jose F. Pazos, pro se. Willard N. Timm, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code *128 of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1981 in the amount of $2,288.00. The sole issue for our determination is whether amounts paid by petitioner in 1981 in connection with his son's attendance at The Saint Thomas More School are deductible as medical expenses under section 213. Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein. Petitioner resided in Roswell, Georgia at the time he filed his petition. Petitioner filed his 1981 Federal income tax return with the Internal Revenue Service Center, Philadelphia, Pennsylvania. In January 1980, petitioner's former wife (Javier's mother) suggested that Javier see a psychiatrist because she felt that Javier was disturbed and somehow different. Javier did not relate well with his peers and with his teachers. *129 He was a loner, his friendships were superficial, and he was not a good student. In January 1980, Javier and his mother began treatment with Priscilla A. Keeler, M.D., a psychiatrist. Dr. Keeler treated Javier and Mrs. Pazos regularly from January 1980 through July 1980 meeting twice a week with Javier and once a week with Mrs. Pazos. Occasionally, petitioner would speak with Dr. Keeler. During this time, Javier lived with his mother. In Dr. Keeler's opinion, Mrs. Pazos' relationship with Javier was very harmful and was destroying Javier's potential. Dr. Keeler noted that Javier had low self-esteem, was maladjusted, and suffered from psychological abuse. Dr. Keeler recommended that Javier attend a boarding school to remove him from his detrimental relationship with his mother. After investigating private boarding schools, Javier's mother selected The Saint Thomas More School (St. Thomas More) in Colchester, Connecticut. Javier enrolled at St. Thomas More in September 1980. St. Thomas More is a college preparatory boarding school for boys in grades 7 through 12 and also includes an optional post graduate year of study. Its primary function is to prepare young men for college. *130 The school's stated goal is to educate the underachiever; the boy who has the ability to succeed, but who has not yet shown his potential through academic achievement. The typical young man who is admitted to St. Thomas More has average or above average scholastic ability, although in many cases he has poor study skills and lacks confidence in his scholastic ability. At St. Thomas More, special emphasis is given to the training and development of students whose potential has not yet been reached and whose progress has been impeded by weak study habits or an inadequate scholastic background. Efforts are made by the faculty to improve a student's study habits, to help him develop basic abilities, and to assist him in developing a mature attitude. A tutorial system of instruction insures a close teacher-student relationship. The school's educational program is structured and special remedial assistance is available. Javier attended St. Thomas More for two academic years, from September 1980 through June 1982. During this time, there were no psychiatrists or psychologists on the staff. St. Thomas More did not offer psychiatric or psychological services to students with emotional *131 problems nor did students receive any type of psychiatric therapy or counseling at the school. Javier followed the school's college preparatory curriculum and did not receive any psychological or psychiatric therapy or counseling from St. Thomas More. When Javier left St. Thomas More, his learning and study abilities were restored. His academic performance since then has been satisfactory. Petitioner and Mrs. Pazos separated in March 1979 and were divorced in October 1980 while residing in Delaware. The order of the Family Court of the State of Delaware for New Castle County setting petitioner's child support obligation categorized the St. Thomas More school costs as an extraordinary medical expense in determining petitioner's child support obligation and included this amount in determining the amount of child support petitioner was required to pay. On his income tax return for 1981, petitioner claimed $5,086.00 for tuition paid to St. Thomas More as a deductible medical expense. Respondent disallowed the tuition as a medical expense in its entirety on the ground that the education provided by St. Thomas More was not incidental to medical care. Petitioner argues that because *132 the Delaware family court categorized the school costs as an extraordinary medical expense in its determination of petitioner's child support obligation, he is entitled to deduct the claimed tuition as a medical expense under section 213. The characterization of Javier's private boarding school tuition as an extraordinary medical expense by the Delaware family court in computing petitioner's child support obligation is not binding upon this Court. Commissioner v. Estate of Bosch,387 U.S. 456 (1967). Deductions allowable under the Internal Revenue Code are strictly a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Deputy v. du Pont,308 U.S. 488 (1940). We must look to the applicable section of the Internal Revenue Code to determine whether petitioner is entitled to a medical deduction for the tuition he paid St. Thomas More. Section 213(a) allows a deduction, within certain limitations, for amounts paid for medical care of a dependent. Section 213(e) defines medical care to include amounts paid for the diagnosis, care, mitigation, treatment or prevention of disease, or for the purpose of *133 affecting any structure or function of the body and for transportation primarily for and essential to medical care. Sections 1.213-1(e)(1)(v)(a), and (b), Income Tax Regs. provide: (a) * * * While ordinary education is not medical care, the cost of medical care includes the cost of attending a special school for a mentally or physically handicapped individual, if his condition is such that the resources of the institution for alleviating such mental or physical handicap are a principal reason for his presence there. In such a case, the cost of attending such a special school will include * * * the cost of ordinary education furnished which is incidental to the special services furnished by the school. * * * (b) Where an individual is in an institution, and his condition is such that the availability of medical care in such institution is not a principal reason for his presence there, only that part of the cost of care in the institution as is attributable to medical care * * * shall be considered as a cost of medical care. * * * Section 1.213-1(e)(ii), Income Tax Regs., provides that "[d]eductions for * * * medical care allowable under section 213 will be *134 confined strictly to expenses incurred primarily for the prevention or alleviation of a physical or mental defect or illness." The initial question is whether Javier was suffering from a "disease" as the term is used in the statute. We find that he was suffering from emotional difficulties which resulted in a learning dysfunction. This Court has recognized that mental and emotional disorders resulting in a learning disability can be considered a disease. Fay v. Commissioner,76 T.C. 408, 412 (1981); Fischer v. Commissioner,50 T.C. 164 (1968). For education expenses to be treated as a medical expense, the individual must attend a special school with resources for alleviating the given mental or physical handicap and these resources must be a principal reason for the individual's presence there. Sec. 1.213-1(e)(1)(v)(a), Income Tax Regs.; Grunwald v. Commissioner,51 T.C. 108, 112 (1968). An institution qualifies as a special school only when education is incidental to medical care provided by the institution. Sec. 1.213-1(e)(1)(v)(a), Income Tax Regs.; Fay v. Commissioner,supra at 413; Ripple v. Commissioner,54 T.C. 1442, 1447 (1970); *135 Grunwald v. Commissioner,supra at 113. From the record, it is clear that St. Thomas More is not a special school as that term is used in the regulations. St. Thomas More is a college preparatory boarding school for underachievers with primary emphasis on preparing its students for college. There were no psychiatric or psychological facilities or staff at St. Thomas More and the school offered no counseling or therapy for mental and/or emotional problems. The educational services provided by St. Thomas More were not rendered only as an incident to medical care. Therefore, the tuition paid St. Thomas More in 1981 does not qualify as a medical expense and is not deductible under section 1.213-1(e)(1)(v)(a), Income Tax Regs. Section 1.213-1(e)(1)(v)(b), Income Tax Regs., allows a deduction for services provided by a school that qualify as medical care even if the school is not a special school. This regulation permits analysis of a claimed medical deduction by looking at the condition of the person and the nature of the particular services received by that person rather than the nature of the institution. Grunwald v. Commissioner,supra at 114; *136 Fischer v. Commissioner,supra at 174-175. Whether a service constitutes medical care depends upon the therapeutic nature of the service with respect to the individual involved. There must be a proximate relationship between the medical deficiency of the individual and the service that person received for the cost of the service to qualify as a deductible medical expense. Ripple v. Commissioner,supra at 1447; Grunwald v. Commissioner,supra at 115. The tuition paid St. Thomas More is a deductible medical expense only if it was paid for services provided by St. Thomas More which were proximately related to alleviating Javier's emotional problems. Petitioner has not established that St. Thomas More's curriculum was aimed at alleviating Javier's emotional problems. No evidence was introduced as to the actual nature of the classroom instruction or how that instruction was designed to deal with Javier's emotional problems. No doubt St. Thomas More's educational program was beneficial to Javier's general health and well-being. However, it is settled law that expenses beneficial to a person's general health and well-being, *137 but permeated with personal considerations, do not constitute medical care as defined by section 213(e) and the regulations thereunder. Grunwald v. Commissioner,supra at 115. Petitioner has failed to show that classroom services provided by St. Thomas More had a direct or proximate therapeutic effect on Javier's emotional problems. Accordingly, petitioner may not deduct the tuition paid St. Thomas More in 1981 under section 1.213-1(e)(1)(v)(b), Income Tax Regs. [2]
*138 Based on the foregoing, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect in the year in issue.↩
2. Educational expenses of a personal nature are not deductible under this subdivision. Only those expenses for medical care are deductible. In situations where we have relied on the broader provisions of section 1.213-1(e)(1)(v)(b), Income Tax Regs., in allowing a deduction of some amount, we have found that the purpose of sending a person to a particular school was twofold: (1) Medical services, and (2) educational services. This Court has allowed a deduction for the former but none for the latter. See Fay v. Commissioner,76 T.C. 408 (1981); Hendrick v. Commissioner,35 T.C. 1223↩ (1961). Here, petitioner has not established that Javier received any medical care from St. Thomas More which would enable the Court to allow any deduction.